IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES EARL JONES,                                                                          PETITIONER

v.                                                                                         No. 3:10CV85-M-A

WARDEN MARGARET BINGHAM, ET AL.                                                            RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Earl Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Jones has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed as untimely filed.

**Facts and Procedural Posture**

James Earl Jones is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Jones was convicted of burglary of a dwelling in the Circuit Court of Lafayette County, Mississippi, and sentenced on July 7, 2006, to serve a term of life in the custody of the Mississippi Department of Corrections. On May 29, 2007, the Mississippi Court of Appeals affirmed Jones' judgment of conviction and sentence. *Jones v. State*, 995 So. 2d 146 (Miss. Ct. App. 2008) (Cause No. 2007-KA-00928-COA). On April 15, 2010, Jones signed an "Application for Leave to File Motion for Post Conviction Collateral Relief" with an attached "Motion for Post-Conviction Collateral Relief." The application for post-conviction relief was denied by the Mississippi Supreme Court on July 14, 2010.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Jones did not seek discretionary review in state court by filing a petition for rehearing in the supreme court as provided for in Mississippi Rule of Appellate Procedure 40. He therefore "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari **or** review in the United States Supreme Court by way of a petition for writ of certiorari. *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Jones' conviction thus became final, and the statute of limitations for federal *habeas*

*corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Jones' conviction therefore became final on December 9, 2008 (November 25, 2008, plus fourteen days). Thus, the initial deadline for seeking federal *habeas corpus* relief was one year later on December 9, 2009. As Jones did not file an application for state post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) until April 15, 2010 (127 days *after* the December 9, 2009, filing deadline) he did not benefit from statutory tolling of the limitations period. *See Flanagan v. Johnson,* 154 F.3d at 201; *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). As such, the deadline for seeking federal *habeas corpus* relief remains December 9, 2009.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 31, 2010, and the date it was received and stamped as "filed" in the district court on September 7, 2010. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 265 days after the December 9, 2010, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999). The motion by the state to dismiss the instant petition as untimely filed will therefore be granted, and the petition will be dismissed with prejudice and without evidentiary hearing as untimely

filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 7th day of January, 2011.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**